**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CALVIN BUTLER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DISTRICT ATTORNEYS OFFICE OF** | : | **NO. 11-07891** |
| **PHILADELPHIA, et al.** | : | |

**MEMORANDUM**

O'NEILL, J.                                      FEBRUARY _14_ , 2012

Calvin Butler, a prisoner incarcerated at the State Correctional Institution at Mercer, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, against the City of Philadelphia; the Philadelphia District Attorney's Office; District Attorney Seth Williams; Assistant District Attorney Kevin Harden; the Public Defenders Office; and Public Defender "Mr. Carberry." For the following reasons, this Court will grant Butler leave to proceed in forma pauperis, dismiss certain of his claims, and stay his remaining claim pursuant to Younger v. Harris, 401 U.S. 37 (1971).

## I.    FACTS

The complaint appears to assert constitutional claims stemming from various criminal proceedings against Butler in state court. According to the complaint, Butler was arrested in October 2010, charged with driving under the influence, and held in custody pending trial. His case was dismissed after trial, but the prosecutor refiled the charge in May 2011.[1] Butler was

---

[1]According to the publicly available docket for that case, Butler is set for trial in March 2012.

1

released from custody at some point, but was re-arrested in June for a "totally different infraction."[2]  He is currently back in state custody, apparently because he violated parole.

Butler's primary issue appears to be that he never received a preliminary hearing in state court in connection with any of the charges that were filed against him.  Butler also contends that the Philadelphia District Attorney's Office has "implemented a policy of no preliminary hearing[s]" for those charged with misdemeanors, and speculates that this policy stems from an unspecified form of discrimination.  He asks this Court to enjoin the state court proceedings against him and order his cases "overturned and dropped."  He also seeks one million dollars in damages.

## II.  STANDARD OF REVIEW

Butler's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune.

## III. ANALYSIS

This Court will dismiss the majority of Butler's claims for the reasons below.  Although Butler appears to have stated a cognizable claim against the City of Philadelphia, this Court

---

[2]A review of the publicly available docket reveals that Butler was charged with criminal mischief and driving under the influence.  It appears that he was found guilty after a trial.

will abstain from adjudicating that claim at this time.

**A.   Claims for Injunctive Relief**

Butler's claims for injunctive relief are barred because the proper vehicle for such claims is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also 28 U.S.C. §§ 2241 & 2254. Accordingly, this Court will dismiss Butler's claims for injunctive relief because they are not cognizable in a § 1983 action.

**B.   Claims Against the Philadelphia District Attorney's Office and Prosecutors**

The doctrine of absolute immunity shields prosecutors from liability for actions related to their official duties. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). Accordingly, a prosecutor is absolutely immune from liability stemming from acts taken "within the scope of [his or her] duties in initiating and pursuing a criminal prosecution." Id. at 410; see also Donahue v. Gavin, 280 F.3d 371, 377 n.15 (3d Cir. 2002) ("[A] prosecutor is absolutely immune [from a § 1983 suit seeking damages] when acting as an advocate in judicial proceedings."). Butler's complaint seeks damages from District Attorney Williams and Assistant District Attorney Harden solely based on how those defendants handled his prosecution. Accordingly, this Court will dismiss the claims against Williams and Harden, as they are entitled to absolute immunity.

Nor is the Philadelphia District Attorney's Office an appropriate defendant in this case. Local prosecutorial offices are not legal entities separate from the local governments of

3

which they are a part and, accordingly, may not be sued under §
1983. See Reitz v. Cnty. of Bucks, 125 F.3d 139, 148 (3d Cir.
1997). Accordingly, Butler's claims against the Philadelphia
District Attorney's Office are dismissed.

### C. Claims against the Public Defenders Office and Public Defender

"[A] suit under § 1983 requires the wrongdoers to have
violated federal rights of the plaintiff, and that they did so
while acting under color of state law." Groman v. Twp. of
Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). "[A] public defender
does not act under color of state law when performing a lawyer's
traditional functions as counsel to a defendant in a criminal
proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)
(footnote omitted). Accordingly, public defender "Mr. Carberry"
is not subject to liability under § 1983 and this Court will
dismiss the claims against him. This Court will also dismiss
Butler's claims against the Public Defender's Office, which does
not have a separate existence from the City and therefore may not
be sued as a separate entity under § 1983. See 53 Pa. Cons.
Stat. Ann. § 16257; cf. Gremo v. Karlin, 363 F. Supp. 2d 771,
780-81 (E.D. Pa. 2005).

### D. Claims against the Commonwealth

Sovereign immunity prohibits plaintiffs from bringing § 1983
claims against states in federal court. Will v. Mich. Dep't of
State Police, 491 U.S. 58, 66 (1989). Furthermore, states are
not considered "persons" for purposes of § 1983. Id. at 71.

4

Accordingly, this Court will dismiss Butler's claims against the Commonwealth.

### E.   <u>**Younger Abstention**</u>

Butler's only remaining claim is his damages claim against the City in connection with its purported policy of prohibiting preliminary hearings in misdemeanor cases.  Although Butler's allegations may be sufficient at this stage of the litigation to state a claim under <u>Monell v. Department of Social Services of New York</u>, 436 U.S. 658 (1978), this Court will stay proceedings concerning that claim pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

In <u>Younger</u>, the Supreme Court recognized that the "longstanding public policy against federal court interference with state court proceedings" generally requires federal courts to abstain from involvement in state criminal proceedings absent exceptional circumstances. 401 U.S. at 43-44.  Abstention under <u>Younger</u> is appropriate when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  <u>Kendall v. Russell</u>, 572 F.3d 126, 131 (3d Cir. 2009). If those criteria are met, a district court may exercise its discretion to abstain, <u>id.</u>, even if the plaintiff only seeks damages.  <u>See</u> <u>Monaghan v. Deakins</u>, 798 F.2d 632, 636 ("<u>Younger</u> bars federal adjudication of constitutional claims if there is a qualifying, ongoing state proceeding in which those claims could

5

be adjudicated, regardless of the relief requested by the federal plaintiff."), vacated in part on other grounds, Deakins v. Monaghan, 484 U.S. 193 (1988).

The first two criteria for applying Younger are met here because the criminal proceedings against Butler are ongoing and implicate the Commonwealth's important interest in bringing to justice those who violate its criminal laws. See Younger, 401 U.S. at 51-52. The third criteria is also met because Butler has the opportunity to raise his constitutional challenge in the course of his criminal proceedings. Indeed, according to the complaint, Butler raised the issue in several motions filed with the trial court.[3] Accordingly, this Court will exercise its discretion to abstain from adjudicating Butler's claim against the City at this time, and will stay the claim pending the outcome of Butler's criminal proceedings. See Deakins, 484 U.S. at 202 ("[T]he District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding.") (footnote omitted); see also Williams v. Hepting, 844 F.2d 138, 144-45 (3d Cir. 1988).

IV. **CONCLUSION**

For the foregoing reasons, Butler's claims are dismissed with the exception of his damages claim against the City, which

---

[3]Although Younger abstention is inappropriate if a plaintiff can establish that state proceedings have been "undertaken in bad faith or for purposes of harassment" or that "some other extraordinary circumstances" justify intervention, see Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003), the complaint does not suggest the existence of any such circumstances in this case.

is stayed pending the outcome of his criminal proceedings.   An
appropriate order follows.