IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CALVIN BUTLER                              :        CIVIL ACTION
                                           :        NO.  11-7891
                                           :
              v.                           :
                                           :
CITY OF PHILADELPHIA                       :

O'NEILL, J.                                                    October 31, 2013


**<u>MEMORANDUM</u>**

On February 2, 2012, pro se plaintiff Mr. Butler filed a complaint alleging deprivations of his constitutional rights against the City of Philadelphia, the Commonwealth of Pennsylvania, the Philadelphia County District Attorney's Office, the Philadelphia District Attorney Seth Williams, Assistant District Attorney Kevin Harden, the Public Defender's Office of Philadelphia and Public Defender Carberry.  Dkt. No. 6.  The City is the only remaining defendant after my Order of February 14, 2012 dismissing plaintiff's claims against all other defendants.  Dkt. No. 5.

I have before me defendant the City of Philadelphia's motion to dismiss and plaintiff's response thereto.  I will grant defendant's motion to dismiss for plaintiff's failure to allege a policy, practice or custom of the City.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations omitted).  The question is not

whether a plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007).  Instead, for a plaintiff's claims to survive a motion to dismiss, his "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A document filed pro se is to be 'liberally construed' and 'a pro se plaintiff complaint, however inartfully pleaded, must be held to less stringent standards than form pleadings drafted by lawyers.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976) citing Haines v. Kerner, 404 U.S. 519 (1972) (internal citations omitted).

## DISCUSSION

Plaintiff's complaint alleges violations of his constitutional rights arising from not having had preliminary hearings in his criminal matters.  Dkt. No. 6 at 3.  To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must demonstrate that the municipality, through the implementation of a policy or custom, caused the underlying constitutional violation.  Monell v. Dept. of Soc. Svcs., 436 U.S. 658 (1978).  Plaintiff must demonstrate a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).  A policy is a "deliberate choice to follow a course of action …made from various alternatives by the official or officials responsible for establishing final policy."  Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986), superseded in part by statute, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072 (1991), as recognized in Francis v. Carroll, 659 F. Supp. 2d 619, 626 (D. Del. 2009).  A course of conduct not expressly authorized by law constitutes "custom" with the force of law where is it "permanent" and "well settled."  Monell, 436 U.S. 658, 691 (1978) citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 167-68 (1970).

Plaintiff's complaint is completely devoid of any factual allegations relating to the City or any policy, practice or custom that caused the allegedly deprivation of his constitutional rights.  Dkt. No. 6 at 3, 5.  Rather, plaintiff alleges in his complaint that the Philadelphia District Attorney's Office "has implemented a policy of [having] no preliminary hearings in person for misdemeanors…."  Id. at 5.  Plaintiff attempts to modify this allegation in his response to defendant's motion to dismiss by asserting that the alleged policy he challenges "was not a decision of a prosecutor but was widespread practice implemented by the City of Philadelphia." Dkt. No. 23 at 4.  Plaintiff alleges that it was the illegal practice of the City to allow the Court of Common Pleas to decline to conduct preliminary hearings which "is not an individual act but a[n] act committed against many over a period of time [so that plaintiff] would call this **Policy**, because it is well-settled and permanent as virtually to constitute law."  Dkt. No. 23 at 3 (emphasis in original).  Plaintiff's response is also completely devoid of facts to support his allegations against the City.  I find that plaintiff's response even construed liberally, repeats the failure of his complaint to sufficiently set forth factual allegations under the standards elaborated in Twombly and Iqbal.  Therefore, plaintiff's claims amount to a mere recitation of the required elements required to bring forth a Monell claim and are insufficient to survive a motion to dismiss.

Moreover, to the extent that plaintiff seeks to hold the City liable for the actions of the Court of Common Pleas in allegedly violating his constitutional rights, his claim fails as a matter of law because the Court is an agency of the Commonwealth.  Pa. Const. art. V, § 1 amended by 2013 Pa. Legis. Serv. Jt. Res. 1 (S.B. 333) (noting that the judicial power of the Commonwealth is vested in a unified judicial system which includes the courts of common pleas); Gueson v. Feldman, No. 00CV1117, 2002 WL 32308678, at *5 (E.D. Pa. Aug. 22, 2002) aff'd sub nom.

Gueson v. Sheppard, 85 F. App'x 870 (3d Cir. 2003) noting that "[i]t is clear that the Court of Common Pleas of Philadelphia County is not part of the local government; it is part of the state government" and there is no liability on the part of the City of Philadelphia for the actions of judges of the Court who are not employees or agents of the City.  Therefore, I find that the City cannot be held liable for the alleged actions of the State court and I will dismiss plaintiff's claims.

       An appropriate Order follows.